UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | Magistrate Case No.____'08 MJ 1962 |
| Plaintiff,    ) | |
| )    | COMPLAINT FOR VIOLATION OF |
| v.    ) | |
| )    | Title 8, U.S.C., Section |
| Antonio Rodolfo SOTO-Diaz    ) | 1324(a)(2)(B)(iii)- |
| AKA: Rodolfo SOTO (D1)    ) | Bringing in Illegal Alien(s) |
| and    ) | Without Presentation |
| Armando FRANCO-Barba (D2)    ) | |
| )    | Title 8, U.S.C., Section 1326 |
| Defendants.    ) | Attempted Entry After |
| )    | Deportation |
| _____ ) | |

The undersigned complainant being duly sworn states:

### Count I

On or about **June 25, 2008**, within the Southern District of California, defendant **Antonio Rodolfo SOTO-Diaz AKA: Rodolfo SOTO**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, **Armando FRANCO-Barba**, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien, and upon arrival did not bring and present said alien immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

### Count II

On or about **June 25, 2008**, within the Southern District of California, defendant **Armando FRANCO-Barba**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro, California, Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

Sworn to before me and subscribed in my presence, this 26th day of June, 2008

_____
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

The complainant states that **Armando FRANCO-Barba (D2)** is a citizen of a country other than the United States; that said alien has admitted he is deportable; that his testimony is material; that it is impracticable to secure his attendance at trial by subpoena; and that he is a material witness in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144. D2 is also being charged with Title 8, United States Code, Section 1326: Attempted Entry After Deportation.

On June 25, 2008 at approximately 1:33 AM, ~~Armando~~ Rodolfo SOTO-Diaz AKA: **Rodolfo SOTO (D1)** made application for admission into the United States at the San Ysidro Port of Entry. **D1** was the driver and sole visible occupant of a white 2002 Chevrolet Suburban bearing California license plates. During primary inspection before a United States Customs and Border Protection (CBP) Officer, **D1** declared United States citizenship and presented an altered United States Passport and counterfeit California driver license bearing his photo with the name Tony Katsuya Okada. **D1** claimed ownership of the vehicle, stated he was going to San Diego, California and gave two negative customs declarations. The CBP Officer noticed the documents presented appeared counterfeit. **D1** and the vehicle were escorted to secondary for further inspection.

In secondary, CBP Officers discovered a non-factory compartment in the undercarriage area of the vehicle. CBP Enforcement Officers responded and opened the non-factory compartment by removing the rear seats and accessing a panel located in the floor of the vehicle. Upon opening the compartment two human beings were found and removed from within. Further investigation revealed the individuals concealed to be citizens of Mexico without entitlements to enter or reside in the United States. One was retained as a Material Witness and is now identified as **Armando FRANCO-Barba (D2)**.

**D2** was queried by 10-digit fingerprint and photograph comparison through the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). IDENT/IAFIS returned a match to the query, identifying **D2** as a deported alien and citizen of Mexico. **D2** was also linked to FBI and Immigration Service records.

Immigration Service records checks, including the Deportable Alien Control System (DACS) identified **D2** as a deported alien. DACS information indicates **D2** was ordered removed from the United States by an Immigration Judge on or about July 2, 2003 and was physically removed to Mexico via the San Ysidro Port of Entry on October 1, 2004. Immigration Service records contain no evidence that **D2** has applied for or received permission from the Attorney General of the United States or the Secretary of the Department of Homeland Security to legally re-enter the United States.

During a videotaped interview, **D1** was advised of his Miranda rights and elected to submit to questioning without a lawyer present. **D1** admitted knowledge of the concealed aliens. **D1** agreed to drive the vehicle and deliver the aliens to a gas station in San Ysidro, California. **D1** stated he was offered to pay a reduced smuggling fee of $2,500 USD if he was the driver of the vehicle. **D1** admitted the United States Passport and California driver license he presented were not rightfully issued to him. **D1** stated the documents were given to him to be used for the smuggling act. **D1** admitted he possesses no documents or other benefit that would permit his legal entry into the United States.

A videotaped interview was conducted with the **D2**. **D2** admitted he is a citizen of Mexico without legal documents to lawfully enter the United States. **D2** stated he made arrangements with a male in Mexico to be smuggled into the United States and was to pay a $3,500.00 USD fee. **D2** stated he was going to San Jose, California to reunite with his family.